Judge Logan
delivered the opinion of the court.
On the 22dof January, 1812, Ship, the appellee, executed a bill of sale to John Smeltzer for a negro woman, in consideration of $¡150 to him then paid, and of the further sum of $¡150 to be paid withie six months, defeasible however, upon the condition of Ship’s refunding the sum advanced within the six months.
Before the expiration of that period, to wit, on the 8th of July, Smeltzer transferred the benefit of the writing to Ogle, the appellant, who covenanted to give the further time of two years to redeem said negro, by paving the $150 which had been advanced. But if Ship failed to refund that sum, Ogle in that event was to pay to him the additional sum of $150, and the negro thereupon was to become his property.
Within the time specified for the redemption or repurchase of the negro girl, Ogle paid off various debts against Ship, amounting to $150 48 — making in all $300 48. And within that period Ship, by his agent, attended at the house of Ogle, and made a tender of $225 in specie, and $25 in notes on the bank of Kentucky, first in discharge of the sum in the writing mentioned, and the balance towards satisfying the debts he had otherwise paid. But Ogle refused to receive it, and now claims the absolute right to the said girl and her increase.
To recover said negroes Ship filed his bill; and upon the hearing of the cause, the circuit court decreed in his favor, upon his paying up the $300 48, with interest from 8lh of July, 1814, after deducting therefrom at the rate of $30 a year as hireage for the negro, ana the cost of this suit. From that decree Ogle has appealed to this court
But in a condi tiorial sale, to be avoided by the paymerit Of a sum certain on or before a given day, if before the day the .sum is tendered, the vendee has no right to retain the property ’til other advan- • ces are paid On a con-⅞ liona! sale, if vendor tenders the money and it is refused, he shall have his costs.
Hardin for appellant, Bibb for appellee.
Considering the transaction in the nature óf a loan añá hot as a sale of the negro, and the decree on the merits is certainly correct; but not so as to cost: for the terms upon which the redemption was permissible Were the payment of the whole afnount advanced for the complainant. And-that sum not having been tendered, he was not bound to surrender the mortgaged property until the payment or tender thereof.
But Ogle relies in his anssyer on the contract as a sale depending on a condition, which, not having been complied with, vested in him the absolute right to the slave. And in this light we are inclirted to view it. And if thus considered, it is very clear that the appellant has.no cause to complain of the decree. The contract was defeasible upon the payment of $160 within the stipulated time. More than this sum was tendered in due time, and refused to be received. The appellant could not purchase up and tack to that sum other debts, as a part of the condition of the agreement. He was therefore properly decreed to pay cost.
The decree must be affirmed.with cost.